## SWINT *vs.* CARR.

EQUITY, FROM HANCOCK.   Interest and Usury.   Deeds.   Specific Performance.
(Before Judge Lumpkin.)

Hall, J.—A deed to secure the payment of a debt, being executed at a time when no usury law was in existence in this state, did not become infected with usury upon the subsequent re-enactment of such a law.

(a)   A court of equity will never decree a specific performance of a fraudulent, illegal or hard and unconscionable bargain ; and where a contract of compromise was extorted by fears of prosecuting the son of the defendant, and he, being an ignorant and illiterate man, was otherwise overruled and duped into the arrangement made, a refusal to decree a specific performance against him was proper.   1 Story Eq. Jur., §§769, 750 (a) and cit.

(a)   The defendant being willing to submit to the performance of the original contract, a decree rendered in accordance with the terms thereof was proper.   The amount found which the complainant was to pay as a condition upon which the premises in dispute were to revert in him was less than was due the defendant, but to this the latter does not object and his opponent cannot do so.

(b)   There is no other material error either in the instructions or several rulings of the court.

Judgment affirmed.

J. T. Jordan, for plaintiff in error.

James A. Harley ; R. H. Lewis, by brief, for defendant.

---

## ATHENS FOUNDRY AND MACHINE WORKS *vs.* BAIN.

CASE, FROM CLARKE.   Res Adjudicata.   Practice in Supreme Court.   Verdict.
(Before Judge Hutchins.)

Blandford, J.—When a case is brought before this court upon the ground that the verdict of the jury is without evidence to support it, it is the right and duty of this court to review and weigh all the evidence in the case, and it can make such judgment therein as is consistent with the law and justice of the case.   When this case was formerly here, this court thought proper to adjudge that the plaintiff was entitled to recover under the facts.   On a second trial no new facts were developed which changed the case in any essential particular, and a verdict was demanded for the plaintiff by the law and supported by the evidence.

Judgment affirmed.

Pope Barrow ; Alex. S. Erwin, for plaintiff in error.

T. W. Rucker ; A. J. Cobb ; E. K. Lumpkin, for defendant.